# Richmond

MAX SCHLAIN v. SAMUEL M. RICHARDSON, JR.

January 13, 1941.

Record No. 2272.

Present, Holt, Gregory, Browning, Eggleston and Spratley, JJ.

*James G. Martin & Son,* for the plaintiff in error.

*Herman Lubschutz* and *Leigh D. Williams,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

The plaintiff in error, Max Schlain, was the defendant in the trial court. He owned and operated a grocery store, with a meat department, at Ocean View, in the city of Norfolk, Virginia. The defendant in error, Samuel M. Richardson, Jr., who was the plaintiff in the trial court, was an employee of Max Schlain and had been for about four weeks at the time of the accident, which was July 22, 1939.

A meat grinder was used in that department. It was resting on a table and was described by the plaintiff as being "way back", necessitating his leaning over in order to operate it and the floor was wet, which made the operation a dangerous one. The grinder was of a standard make, which was used generally in the city of Nor-

folk. It was in good repair, although the plaintiff claimed that it had no safety devices around it. When pressed for an explanation of the safety devices lacking, he said that the machine should have been on the edge of the table where it could be easily reached and that it should not have been in a wet place and should have had a grating across the top. The last requirement enumerated is the only one that could properly be called a device.

The plaintiff, while operating the machine, suffered an injury to one of his fingers which required the amputation of the end of the finger. The evidence shows that the injury was sustained by pressing the meat into the machine with his hand rather than with a wooden pusher or plunger, which was the safe method of doing this. That there was such a pusher or plunger in the store for the particular use is without evidential conflict. There is conflict, however, as to whether it was in its accustomed place, which was near the grinder. The plaintiff testified that it was not there and that he asked the defendant where it was, and was told by the defendant to use his hand, that there was no danger, that they all did it that way. Against this five witnesses testified that it was on the table by the machine where it could be seen and where four of them actually saw it on that morning.

The pusher and the machine were produced by the defendant in court. This becomes, we think, the crucial point in the case viewed in connection with instruction 5D, which was asked for by the defendant but refused by the court.

██ We are mindful of the rule that where one of the litigants has the advantage of a favorable verdict from the jury, approved by the court, all conflicts in the evidence and all reasonable inferences therefrom should be resolved in his favor. We are equally conscious of the rule that each litigant has the right to have his case

presented to the jury by appropriate instructions based, of course, upon his evidence.

Instruction 5D is as follows:

"The court instructs the jury that if they believe from the evidence that there was by the meat grinder a wooden pusher to use in pressing the meat into the grinder, it was the duty of the plaintiff to press the meat into the grinder with the wooden pusher, and not with his hand."

The objection urged by the plaintiff to this instruction is that it singles out a portion of the evidence and emphasizes its importance.

██ We do not think the instruction offends in that particular, because it deals with a matter which is the very gist of the case. It is one of the big central controlling facts. Notwithstanding the verdict and judgment, the preponderance of the evidence is that the pusher was in its place in plain view. Upon this the defendant was entitled to have the jury instructed. By refusing the proffered instruction, the court took the matter from the jury, which, we think, is error, and we cannot say that it was not prejudicial. If the pusher was in its place it was the plain duty of the plaintiff to use the perfectly safe method of the operation of the machine rather than an extremely hazardous one. The plaintiff admitted that he knew the use of the pusher, indeed, he actually asked the defendant for it.

See *Street's Adm'r* v. *Norfolk & W. Ry. Co.*, 101 Va. 746, 45 S. E. 284.

Aside from this we think that the jury was fairly instructed.

We reverse the case and remand it to the court for a new trial not inconsistent with this opinion.

*Reversed and remanded.*