854 F.2d 1318
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
VANCE AIRCRAFT BROKERS, INC., Plaintiff-Appellee,
v.
Thomas F. PUMPELLY, Defendant-Appellant.
 No. 87-1200.
 United States Court of Appeals, Fourth Circuit.
 Argued May 3, 1988.
Decided Aug. 5, 1988.
 
 Christopher M. Malone (Jerry William Boykin, Charles L. Williams, Thompson & McMullan on brief) for appellant.
 Robert C. Dunn (Cohen, Dunn & Sinclair, P.C. on brief) for appellee.
 Before JAMES DICKSON PHILLIPS and ERVIN, Circuit Judges, and NORMAN P. RAMSEY, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Plaintiff Vance Aircraft Brokers, Inc. (Vance), filed the underlying action on February 13, 1987, against defendant Thomas F. Pumpelly. Vance sought damages on alternative theories of breach of contract and quantum merit arising from brokerage services allegedly provided by Vance for the sale of a private jet formerly owned by Pumpelly. The jury returned a verdict in favor of Vance on its express contract claim and awarded $86,100 in damages. From the judgment entered, Pumpelly appeals. Because we find no error below, we affirm.
 
 I.
 
 2
 In September, 1983, Pumpelly engaged Vance, a broker of used corporate jet aircraft, to sell a plane owned by Pumpelly. Vance in turn negotiated offers and counteroffers with Corporate Air, Inc. (Corporate Air), in a series of telex communications. Corporate Air agreed to purchase the plane for $1,485,000. Pumpelly agreed with Vance to take a net $1,395,000. Consequently, Vance was to receive $90,000, approximately six percent of the purchase price, as commission.
 
 
 3
 Vance arranged an inspection of the jet, researched the title, and advanced Pumpelly $1400 in flight costs. The inspection revealed only minor defects, which were quickly remedied.
 
 
 4
 On the day of the inspection, December 14, 1983, Vance and Pumpelly executed a commission agreement providing for a brokerage fee of six percent and a minimum net for Pumpelly of $1,395,000. James Vance, on behalf of Vance, Inc., told Pumpelly the net was based on the purchase price of $1,485,000, less the commission.
 
 
 5
 For undisclosed reasons, the deal was not completed in December. Evidence at trial showed Vance and Pumpelly continued to negotiate independently with Corporate Air. On February 22, 1984, Pumpelly and Corporate Air consummated the airplane sale at a price of $1,435,000. Thus, Pumpelly netted $40,000 more than he would have under the December agreement, and Corporate Air paid $50,000 less.
 
 
 6
 Vance filed this action against Pumpelly seeking $89,100, six percent of the original contract price, based on express contract and implied contract theories. The jury found Pumpelly breached the express contract and awarded Vance $86,100, six percent of the final purchase price. Pumpelly appeals.
 
 II.
 
 7
 Initially, we dispose of an issue raised by this court at oral argument regarding the propriety of the $86,100 award rather than an award of $89,100 in light of the jury's finding a breach of the express contract. The contract provided for a commission of six percent of $1,485,000, or $89,100. While the jury appears to have based its award of $86,100 on six percent of the ultimate sales price of $1,435,000, we do not find this factual determination of damages clearly erroneous.
 
 
 8
 This court must uphold the jury's verdict if "there was evidence upon which the jury could reasonably return [its] verdict." Mays v. Pioneer Lumber Corp., 502 F.2d 106, 107 (4th Cir.1974). Sufficient evidence exists to support a finding that the contract was not terminated in December. The contract does not provide for an expiration date, and after the initial deadlock, Vance continued to negotiate with Corporate Air on behalf of Pumpelly. Therefore, pursuant to the contract terms, the jury could properly have found the December agreement was still in force and base its award on six percent of the final correct sale price. Thus, this court will not disturb the jury's adjustment in favor of Pumpelly from $89,100 to $86,100.
 
 III.
 
 9
 Turning to the two issues raised by Pumpelly on appeal, we find no error below. Pumpelly argues first that the trial court's jury instructions regarding contract damages constitute reversible error. The trial judge told the jury that if they found for Vance on the express contract claim, they should base the award on "six percent of what the sales price should be." App.Ct. 117. The judge also instructed the jury to consider the contract terms as a whole.
 
 
 10
 Pumpelly submits that the trial court acted as a factfinder in designating six percent as the basis for an award. It is error for a trial court to give any instructions which improperly invade the province of the jury as the finder of fact or arbiter of damages. Schlain v. Richardson, 177 Va. 25, 12 S.E.2d 799 (1941). However, the jury was merely told to base the award on six percent, a term provided on the face of the express contract. Whether a jury has been properly instructed is to be determined, not upon consideration of a single sentence, phrase or word, but upon consideration of the charge as a whole. McClure v. Price, 300 F.2d 538 (4th Cir.1962). Read in conjunction with the trial court's directions to consider the contract terms as a whole, these instructions regarding damages were not erroneous. Furthermore, the trial court only related the six percent figure to an award if a breach of the express contract was found. The basis for a possible award under an implied contract theory was left open.
 
 
 11
 We note that Pumpelly similarly argues that it was the duty of the trial court to grant a new trial pursuant to Fed.R.Civ.P. 59 because the verdict was against the clear weight of the evidence. For the same reasons discussed above, we reject this argument as well.
 
 IV.
 
 12
 Pumpelly also maintains that the trial court erred in refusing to instruct the jury on fraud in the inducement. Pumpelly submits that Vance fraudulently induced him to sign the brokerage contract when Vance knew Corporate Air was having second thoughts about the deal. The evidence at trial indicated that Corporate Air had notified Vance that it was hesitant to proceed with the purchase of the plane. Using his salesmanship skills, Vance persuaded Corporate Air otherwise and negotiations continued. As he was successful in pacifying Corporate Air, it was unnecessary to disclose the corporation's misgivings to Pumpelly. Because this was the only sign of reconsideration before the brokerage contract was executed, the trial court properly refused to give Pumpelly's proffered instructions on fraud in the inducement.
 
 V.
 
 13
 For the reasons discussed above, we find no reversible error in the trial proceedings below. The judgment for Vance in the amount of $86,100 is
 
 
 14
 AFFIRMED.